Martin B. Stecher, J.
In this action for a declaratory judgment, a permanent injunction and other relief, the plaintiff moves for a preliminary injunction restraining the City of New York from enforcing, during the pendency of the action, the City’s Local Law No. 11 for the year 1973. Local Law No. 11 is commonly known as the ‘ ‘ Massage Parlor Law ’ ’ and is the city’s response to a flaunting proliferation of places of prostitution thinly concealed but widely advertised as ‘ ‘ Massage Parlors ”. The plaintiffs are masseurs licensed by the State of New York and their incorporated professional association.
In order for the plaintiffs to succeed on this motion, the local law must be unconstitutional on its face. “Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (Borden’s Co. v. Baldwin, 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (United States v. Carolene Products Co., 304 U. S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U. S. 236, 246). Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79; Matter of Fay, 291 N. Y. 198, 206, .207). But, for all that, due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (Matter of Jacobs, 98 N. Y. 98, 110; Fisher Co. v. Woods, 187 N. Y. 90; Nebbia v. New York, 291 U. S. 502).” (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541.) It is with these standards in mind that we approach the statute.
The legislative finding and purpose are set forth in the Local Law: “ Section 1. It is the finding of the council that there has been a proliferation of commercial establishments known as massage parlors or massage .studios throughout the city of New York which foster prostitution, lewd displays, pornography, drugs and similar illegal acts on their premises. The growth of these establishments has occurred since the repeal of local *575 legislation licensing massage operators and massage institutes. The council therefore finds that it is again necessary to license massage institutes and regulate masseurs and masseuses to permit the legitimate practice of massage while halting the use of massage parlors for illegal purposes and for purposes which áre harmful to the safety and welfare of city residents and visitors.”
To accomplish its purpose, the ordinance thrusts in two directions: all persons other than State-licensed masseurs, physicians, nurses, osteopaths and similar categories of professionals must be licensed by the Commissioner of Consumer Affairs as “ permitees [1] (Administrative Code of City of New York, § B32-194.0, subd. a); but no person including these classes may operate a ‘ ‘ massage institute ’ ’ without first obtaining a premises license for the “institute” (Administrative Code, § B32-194.0, subd. b). Massage is defined by the Local Law No. 11 as “ The application of a system of activity to the structure of the human body by means of stroking, kneading, rubbing, tapping or vibrating with the hands, vibrators or by any other method” [2] (Administrative Code, § B32-193.0, subd. 1); and “ massage institute ” is defined as “ Any premises by whatever name called, for which the activity of massage as defined in subdivision one of this section is advertised, or in which it is performed or given for a fee paid directly or indirectly but shall not include a medical institution or professional premises licensed or chartered by the state of New York or the residence or business premises of the person receiving a massage ” (Administrative Code, § B32-193.0, subd. 2). The scope of the definition of massage is so broad that any human contact more intimate than a handshake falls within its proscription, and any place where such contact occurs (other than the residence or office of the person treated and other than a State-licensed hospital, a State-licensed nursing home or similar State-licensed institution) is a massage institute requiring a city license. Thus the barber’s scalp massage or the manicurist’s hand massage render their places of employment “massage institutes”. Similarly, the site of the physical therapist’s whirlpool bath, the *576 Y. M. C. A., the locker room at Yankee Stadium, the office of the physician, chiropractor, osteopath or podiatrist are each transformed by this statute into “massage parlors” which must procure licenses or run the risk of being fined $100 by the Commissioner for each violation of the local law (Administrative Code, § B32-196.0, suhd. c); or upon conviction, being imprisoned for as much as 90 days or being fined $500 for each violation (Administrative Code, § B32-196.0, suhd. d). It is thus apparent that in order to bar vice under the guise of regulating massage, the City Council has involved every profession in which one human being touches another.
The wisdom of so broad a response to the problem of vice advertised as massage is for the City Council and not for the court (Olsen v. Nebraska, 313 U. S. 236, 246; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541, supra), but where a statute’s strictures unreasonably diminish the privileges and immunities of the citizenry, it is the obligation of the court to interpose its judgment between such a statute and the privileges and immunities of the people affected (People v. Ringe, 197 Y. Y. 143, 146).
It may be argued that it is unlikely that physicians, masseurs at the “ Y ”, or barbers will be harassed under this statute by the police or the Commissioner of Consumer Affairs; but the very failure to set standards for the enforcement of the statute (Matter of Barton Trucking Corp. v. O’Connell, 7 N Y 2d 299, 307) makes the statute susceptible of discriminatory enforcement and therefore void on its face (People v. Katz, 21 N Y 2d 132,134).
There is other failure to set standards or provide guidance. The Commissioner of Consumer Affairs “ may license massage institutes upon receipt of approvals from all necessary governmental agencies having jurisdiction over these premises.” (Administrative Code, § B32-195.0, suhd. a). We are not informed by the ordinance which agencies of government or for that matter which agencies of which government may be requested to participate in licensing massage parlors. The potential for abuse is substantial, considering the number of agencies whose approval may be requested![3]
It is not necessary to prove that this broad statute is likely to be enforced in a manner to harass persons who are not *577 intended to fall under its strictures. It is sufficient if - “ the broad prohibitive language of the statute together with the lack of any defined standards for judging violations renders it peculiarly susceptible to arbitrary enforcement ” (People v. Katz, supra, p. 134).
The motion for a preliminary injunction is granted and the cross motion for dismissal is denied.

. Since the argument of this motion, the State Legislature has amended section 7800 et seq. of the Education Law so that no person may designate himself or herself a masseur or masseuse or describe his or her activities as “ massage ” unless he or she is licensed by the State of New York. The “ licensee ” provisions of the local law, which do not affect the State-licensed plaintiffs, may have been rendered superfluous by the Legislature’s amendment.

. Under State law “ massage ” is defined as “ applying a scientific system of activity to the muscular structure of the human body by means of stroking, kneading, tapping and vibrating with the hands or vibrators for the purpose of improving muscle tone and circulation ” (Education Law, § 7801).

. On oral argument, the respondent acknowledged that of the “ several dozen ” applications for massage parlor licenses received by the Commissioner, only one license was granted: to an establishment in a mid-town hotel advertising itself as “ Relaxation Plus.”