335 So.2d 274 (1976)
STATE of Florida, Plaintiff,
v.
Percy D. WEEKS, Defendant.
No. 49104.
Supreme Court of Florida.
July 8, 1976.
*275 Robert L. Shevin, Atty. Gen., and Raymond L. Marky and Richard L. Wilson, Asst. Attys. Gen., for plaintiff.
Selig I. Goldin, of Goldin, Turner & Cates, Gainesville, for defendant.
SUNDBERG, Justice.
The defendant, a licensed physician, was charged by information with seventeen counts of violating Section 893.13, Florida Statutes, which lists prohibited acts and penalties therefor under the Florida Comprehensive *276 Drug Abuse Prevention and Control Act. Each count alleges a different occasion on which the defendant "unlawfully deliver[ed] a controlled substance named or described in section F.S. 893.03(2)(c)(1) [or (2)] ... by use of a written order for said drug not issued in good faith and in the course of his professional practice as a licensed doctor of medicine." Dr. Weeks attacked the information by filing a motion to dismiss alleging that the statute under which the information was filed was unconstitutional on several grounds. After hearing argument on the motion, the circuit court determined that it was presented with a novel question of Florida law which was of great public interest. Invoking Rule 4.6, F.A.R., the judge certified this cause to this Court for instruction on two questions, the first of which is as follows:
"Whether Section 893.05(1), Florida Statutes, which provides that: `A practitioner, in good faith and in the course of his professional practice only, may prescribe, administer, dispense, mix or otherwise prepare a controlled substance ...', is unconstitutional in that it is void as vague, indefinite and uncertain as a result of not clearly and definitely defining the term `in good faith' so that a person can determine in advance whether a contemplated act is within or without the law."
The pertinent part of the statute under challenge reads:
"A practitioner, in good faith and in the course of his professional practice only, may prescribe, administer, dispense, mix or otherwise prepare a controlled substance, or he may cause the same to be administered by a licensed nurse or an intern practitioner under his direction and supervision only."
Section 893.05(1), Florida Statutes, thus provides a necessary exception to the imposition of criminal penalties for the conduct proscribed under Section 893.13. This exception, along with others enacted in Florida Statutes, is recognized in Section 893.13(1)(a), Florida Statutes.
Dr. Weeks alleges that the standard of "good faith", which he must necessarily meet if he is to gain acquittal, is unconstitutionally vague. He submits that the effect of this statutory language is to require him to make complex medical decisions at the risk of substantial criminal liability in the event that he is unable to convince a jury of lay people that his conduct conforms to an indefinable standard of behavior. He brings to our attention many cases in which this Court has invalidated statutes on the grounds of vagueness, but unfortunately none of these opinions dealt with the phrase at issue here.
This Court articulated the test to be applied in vagueness challenge cases in Brock v. Hardie, 114 Fla. 670, 154 So. 690, 694 (1934):
"... Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in [Cline v. Frink Dairy Co., 274 U.S. 445, 459, 47 S.Ct. 681, 685, 71 L.Ed. 1146, 1153 (1927); quoting Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926)] `a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.'
"Such seems to be the test approved by the Supreme Court of the United States. Citation of authorities as to what may be considered the exact meaning of the phrase `so vague that men of common intelligence must necessarily guess at its meaning,' so that certain conduct may be considered within or outside *277 the true meaning of that phrase, or what language of a statute may lie within or without it, would be of little aid to us.
"We must apply our own knowledge with which observation and experience have supplied us in determining whether words employed by the statute are reasonably clear or not in indicating the legislative purpose, so that a person who may be liable to the penalties of the act may know that he is within its provisions or not."
Applying "our own knowledge with which observation and experience have supplied us," we find that the language employed by the instant statute conveys sufficiently definite meaning "that a person who may be liable to the penalties of the act may know that he is within its provisions or not." We note that many courts of other jurisdictions have reached the same result in cases involving the construction of virtually identical language. See People v. Nunn, 46 Cal.2d 460, 296 P.2d 813 (1966), appeal dismissed 352 U.S. 883, 77 S.Ct. 126, 1 L.Ed.2d 82 (1956); People v. Guagliata, 362 Ill. 427, 200 N.E. 169 (1936); Smith v. State, 214 Ind. 169, 13 N.E.2d 562 (1938); People v. Downes, 394 Mich. 17, 228 N.W.2d 212 (1975).
In United States v. Moore, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975), the Court considered the case of a physician accused of violating 21 U.S.C. § 841(a)(1), the section of the Controlled Substances Act which makes it unlawful for "any person" knowingly to distribute or dispense a controlled substance, "except as authorized" by the Act. The Court held inter alia that a registered physician could be prosecuted under Section 841 when his activities fell outside the usual course of professional practice. In reinstating the District Court conviction of the appellee physician, the Supreme Court of the United States implicitly approved the "good faith" test:
"The trial judge assumed that a physician's activities are authorized only if they are within the usual course of professional practice. He instructed the jury that they had to find
`beyond a reasonable doubt that a physician, who knowingly or intentionally, did dispense or distribute [methadone] by prescription, did so other than in good faith for detoxification in the usual course of a professional practice and in accordance with a standard of medical practice generally recognized and accepted in the United States.'"
96 S.Ct. at 343-44.
On similar facts the United States Court of Appeals for the Fifth Circuit recognized "the settled proposition of law that in order for a physician to come within the exception to the statute, ... the narcotic drugs must have been dispensed or distributed to a patient or patients by the physician in good faith in the course of his professional practice only." Needelman v. United States, 261 F.2d 802, 805 (5th Cir.1958). The Needelman court had no trouble with the "good faith" standard articulated by the trial judge in his charge to the jury and affirmed the conviction.
We are persuaded by the unanimous authority arrayed against the proposition that the term "good faith" is unconstitutionally vague. Like the court in Needelman, supra, we approve the definition of "good faith", in the context of this statute, to mean that the practitioner "has got to act in an honest endeavor to carry on his profession" of healing patients. Accordingly, we answer the first certified question in the negative.
The second question certified to this Court reads as follows:
"In making the above determination, is the term `person' defined as an `ordinary person', or when the Defendant and the statute refer to a licensed medical practitioner, is the definition of the term `person' restricted to members of a class that are licensed medical practitioners."
*278 Although we agree with Dr. Weeks that an answer to this question is not necessary to determination of this cause, we find that the "good faith" standard necessarily applies to licensed medical practitioners only. Since the statutory exemption for "good faith" conduct "in the course of his professional practice" explicitly refers only to such practitioners,[*] it is necessary only that the members of that class be given understandable notice of the type of conduct which is proscribed.
Questions answered.
OVERTON, C.J., and ROBERTS, ENGLAND and HATCHETT, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[*] It should be noted that the statute further defines the applicable class of persons in § 893.02(14), Fla. Stat. (1975). "Practitioner," as used in § 893.05(1), supra, is defined by § 893.02(14) as: "a physician licensed pursuant to chapter 458 ... provided such practitioner holds a valid federal controlled substance registry number."