343 So.2d 9 (1977)
STATE of Florida, Appellant,
v.
Linda Carol BALES and Stephen Peter Cataldo, Appellees.
No. 48981.
Supreme Court of Florida.
February 3, 1977.
Rehearing Denied March 31, 1977.
*10 Robert L. Shevin, Atty. Gen., and Basil S. Diamond, Asst. Atty. Gen., for appellant.
David A. Demers, of the Law Offices of Robert W. Pope, St. Petersburg, for appellees.
SUNDBERG, Justice.
This cause is here on appeal from the County Court in and for Orange County. Appellees were allowed to file cross-assignments of error to challenge a portion of the trial court order which is interlocutory in nature. We have assumed jurisdiction of both the appeal and the cross-appeal under Article V, Sections 3(b)(1) and (3), Florida Constitution.
On November 19, 1975, appellee Linda Carol Bales was employed in a massage parlor called "Garden of Paradise" located in Orlando, Florida. On that day appellee Bales allegedly offered for monetary consideration to fondle or masturbate the sexual organs of a male person who was not her spouse and who was, in fact, an Orange County deputy sheriff. She was charged by information with violating Section 796.07, Florida Statutes:
"(1)(b) The term `lewdness' shall be construed to include any indecent or obscene act."
"(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation."
In a second count, Ms. Bales was accused of violating Section 480.02(1), Florida Statutes:
"(1) It shall be unlawful for any person or persons to engage in the practice or attempt to practice massage for a fee, or for a gratuity, or to conduct or teach in a school of massage without a certificate of registration issued pursuant to the provisions of this chapter."
Furthermore, Stephen Peter Cataldo, allegedly the owner or operator of the "Garden of Paradise," was charged in the same two-count information with aiding and abetting the commission of both offenses.
Appellees filed separate but identical motions to dismiss the information alleging, inter alia, that Section 796.07 is unconstitutionally vague and that Chapter 480 is unconstitutionally vague, overly broad and that there is no reasonable relationship between *11 the requirements of the latter statute and the public safety and welfare. The trial court denied appellees' motion as to Section 796.07 but granted as to Chapter 480, ruling that "the definitions of masseur are vague, overbroad and an inordinate use of the police powers of the State of Florida."
The State appeals from this ruling, while appellees Bales and Cataldo cross-appeal their unsuccessful challenge to Section 796.07, Florida Statutes.
For appellees' argument to be accepted, this Court must find the challenged statutes to be unconstitutional on their face. In determining this issue, we must bear in mind that any legislative enactment carries a strong presumption of constitutionality, including a rebuttable presumption of the existence of necessary factual support in its provisions. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 209, 210, 55 S.Ct. 187, 79 L.Ed. 281 (1934). If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends. United States v. Carolene Products Co., 304 U.S. 144, 154, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). Questions as to wisdom, need or appropriateness are for the Legislature. Olsen v. State of Nebraska, ex rel. Western Reference & Bond Ass'n, 313 U.S. 236, 246, 61 S.Ct. 862, 85 L.Ed. 1305 (1941). Furthermore, since no fundamental right or suspect classification is at issue here, all we need find is the existence of a rational basis for this attempted legislative exercise of the State's police power.
Keeping the foregoing standards in mind, we are unable to agree that Section 480.02(1), either by itself or as part of the larger regulatory scheme of Chapter 480, fails to give due notice of the conduct which is proscribed. Limited as it is to regulating those who perform or attempt to perform massage for financial consideration, Section 480.02(1) hardly gives rise to the parade of horribles advanced in appellees' brief.[1] For example, it is argued that the statute trespasses upon the enjoyment of sexual relations between married couples, that it seeks to regulate a simple handshake or a slap on the back. Some of the difficulty stems from erroneous interpretation of the phrase "for a gratuity" in Section 480.02(1), supra; it should be clear that "gratuity" means "tip" and that the phrase does not mean "for free." This construction should put at rest any confusion which might develop on that score.
A complex and multi-faceted regulatory statute must be read as a whole before a determination of its constitutionality can be wisely made. The phrase "to practice massage," found in Section 480.02(1), is defined at Section 480.01(4):

"Massage.  For the purpose of this chapter, the term `massage' shall be deemed and held to include all or any one or more of the above named subjects or methods of treatments as defined in paragraph (b) of subsection (1); the practice of massage, however, shall include paragraphs (a) and (b) of subsection (1)."
One must then turn to the indicated paragraphs from Subsection 480.01(1):

"Masseur and masseuse. 
(a) For the purpose of this chapter the term `masseur' or `masseuse' shall be deemed to be a person who practices, administers or teaches all or any one or more of the following subjects and methods of treatments, viz: who administers or teaches treatments with any mechanical or electrical apparatus for the purpose of body slenderizing, body reducing or body contouring.
(b) Further, a person who has studied the underlying principles of anatomy and physiology, including the theory of massage, its indications and contraindications, and administers or teaches all or any one or more of the following subjects and methods of treatments, viz: Oil rubs, *12 salt glows, hot or coldpacks, all kinds of baths including steamrooms, cabinet baths, sitz baths, colon irrigations, body massage either by hand or by any mechanical or electrical apparatus or device, excluding fever therapy, applying such movements as stroking, friction, rolling, vibration, kneading, cupping, petrissage, rubbing, effleurage, tapotement."
So read, the careful definitional scheme enacted by the Legislature is understood.
Vagueness and overbreadth are related but different concepts. See generally Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960). That which is vague obviously cannot also be specific, and it is difficult to imagine a more specific cataloging of prohibited activity than Section 480.01(1)(b). We reject the argument that the challenged statute is unconstitutionally vague.
Appellees' overbreadth challenge is more troublesome. A statute is overly broad when its proscriptive reach includes constitutionally protected activity. See Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947). Common words such as "stroking, friction, rolling", which appear in the statute under consideration superficially support appellees' assertion. However, such words may properly be interpreted in the context of the more technical terms with which they appear; indeed an attempt to construe statutory language without regard to context would frequently lead to absurd results. The language at issue does not proscribe casual back scratches or back rubs. What is prohibited, inter alia, is the performance of a "body massage" for financial consideration by an unlicensed person "either by hand or by any mechanical or electrical apparatus or device." We believe that the qualifying examples of the "movements" which constitute the practice of massage is sufficient notice to those who, like appellee Bales, hold themselves out before the public as massagists, of the kind of conduct which can be undertaken only after procurement of a license. See State v. Weeks, 335 So.2d 274 (Fla. 1976).
We have not overlooked the decision of a New York trial court invalidating for unconstitutional overbreadth a city ordinance which sought to regulate the practice of massage by limiting it to those people approved by a licensing agency. New York State Soc. of Medical Masseurs, Inc. v. City of New York, 74 Misc.2d 573, 345 N.Y.S.2d 866 (1973), aff'd, 44 A.D.2d 913, 355 N.Y.S.2d 1015 (1974). We note that the language of the New York ordinance differs in some significant particulars from that of the Florida statute, and furthermore we are unpersuaded by the reasoning of the New York court.
The United States Supreme Court has three times dismissed for want of a substantial federal question appeals from state supreme court decisions upholding the constitutionality of local ordinances restricting or prohibiting the practice of cross-sexual massage. Smith v. Keator, 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974); Rubenstein v. Township of Cherry Hill, 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974); Kisley v. City of Falls Church, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972). Since these decisions constitute an adjudication on the merits within the meaning of Hicks v. Miranda, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), it is clear that there is no federal constitutional impediment to the enactment of legislation embodying an irrebuttable presumption that the massage of a person by a member of the opposite sex is inconsistent with the public health, safety, or welfare. If this be the case, surely a minimum regulatory statute such as ours cannot offend Bales' constitutional right to employment and to freedom of association, as her counsel has contended. Nothing prevents her from pursuing the course of study and training required by regulations promulgated under authority of Chapter 480, Florida Statutes.
It is true that our licensing statute differs from other massage establishment regulatory schemes in that it antedated the proliferation of "massage parlors" whose advertisements carry strong overtones of promised sexual gratification. That this is *13 so does not lessen Chapter 480's jurisdiction over those who operate such establishments or hold themselves out to the public as masseurs or masseuses employed therein. It is difficult to conceive an alternative regulatory scheme which could better protect the substantial interest of the public in ensuring that those to whom is entrusted the type of sensitive physical activity undertaken by massagists are competent and able. The potential injury to members of the public justifies the instant legislative attempt to regulate this skilled profession.
We therefore find Section 480.02(1), Florida Statutes (1975), and its companion legislation, as herein read and interpreted, to be constitutional vel non.
Appellees cross-assign as error the trial court's denial of their motion to dismiss the lewdness count entered under Section 796.07(3)(a), Florida Statutes, supra. This Court has often upheld the constitutionality of that legislative enactment. E.g., Bell v. State, 289 So.2d 388 (Fla. 1973); Cheseborough v. State, 255 So.2d 675 (Fla. 1971). In the instant case as recited in the trial court's order, the State alleges that the deputy was led naked onto a water bed, where he was asked by Ms. Bales whether he realized that the massage for which he had paid was to relieve his sexual tension as well. When he replied in the affirmative, Bales allegedly asked him where he would like her to place her hand to relieve such tension. Later in the conversation she allegedly repeated the inquiry. Appellee argues that her query could have been designed to elicit an answer such as "the back, neck, ear lobe, breast or any other area of the body besides the penis." Brief of Appellees, p. 23. This is an argument which she is free to make to a judge and/or jury, and we intimate no opinion whatsoever as to its credibility. However, the State is equally free to argue that, given all the surrounding circumstances, Bales' inquiry constituted an "offer to commit" lewdness. If the trier of fact finds that such a remark was made and, considering the surrounding factual context, amounted to such an offer, thus constituting criminal conduct, a verdict of guilty may properly be entered.
The judgment is affirmed in part and reversed in part, and the cause remanded to the County Court in and for Orange County for further proceedings not inconsistent herewith.
OVERTON, C.J., and ADKINS, BOYD, HATCHETT and ROBERTS (Retired), JJ., concur.
ENGLAND, J., concurs with majority opinion on F.S. § 480.02(1), and dissents from majority opinion on F.S. § 796.07 for reasons expressed in Campbell v. State, Fla., 331 So.2d 289, 290 (1976).
NOTES
[1] "It is true that the Florida Statute excludes physicians and certain other persons, but nevertheless, although no one can be sure, it apparently would include shaking hands, marital showers, the use of a vibrator in the privacy of one's home, a back rub by a friend and an absolute myriad of activity ..."

Brief of Appellees, p. 10.