PER CURIAM.
This appeal invites us to examine inter alia the constitutionality vel non of Section 796.07(2)(a), Florida Statutes (1975). Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution, which requires this Court to hear appeals from orders of trial courts initially and directly passing on the validity of a state statute.
Appellant was charged with violating Section 796.07(2)(a), Florida Statutes (1975), which makes it unlawful “to keep, set up, maintain, or operate any place, structure, building, or conveyance for the purpose of lewdness, assignation, or prostitution.” She moved to dismiss the information on the ground that the statute was vague and overbroad. The motion was denied. A jury found appellant guilty as charged following which the trial judge adjudicated her guilty of prostitution. The instant appeal followed.
This Court has recently upheld the facial validity of Section 796.07, Florida Statutes (1975), in State v. Bales, 343 So.2d 9 (Fla. 1977), and Bell v. State, 289 So.2d 388 (Fla. 1973). While neither of these two cases directly concerns subparagraph (2)(a) of the statute, both considered whether “lewdness,” as used within the statute, was vague and overbroad. The constitutional attack which appellant now makes is essentially against the word lewdness in subparagraph (2)(a). For the reasons previously articulated in Bales and Bell, we find Section 796.-07(2)(a), Florida Statutes (1975), sufficiently lucid and determinate to withstand appellant’s challenge.
The constitutional issue having been resolved, it appears that the only substantial issues involved are within the jurisdiction of the Circuit Court for the Sixth Judicial Circuit of Florida; therefore, pursuant to the provisions of Florida Appellate Rules, it is ordered that this cause be transferred to said Circuit Court for consideration and determination after five (5) days from this date unless, in the meantime, attorneys of record for the parties, or any of them shall bring to the attention of the Court that the cause is one which should be heard and determined by this Court. Unless such cause is shown by writing filed in this Court within the time stated, the Clerk shall complete the transfer in accord with the above directive without further order.
It is so ordered.
OVERTON, C. J., and ENGLAND, SUNDBERG and KARL, JJ., concur.
ADKINS, J., concurs in part and dissents in part with an opinion, with which BOYD and HATCHETT, JJ., concur.