PER CURIAM.
The State seeks review by certiorari of an order of the circuit court affirming the dismissal of an information charging the respondents with “massaging without a license” in violation of section 480.047, Florida Statutes (1979).
Two undercover police officers visited the “Mens Paradise Tanning Spa” and submitted to a sun tanning session. Before the treatment began, each officer was asked by one of the respondents if he wished to have sun tan oil applied to his body, either before or during the session. Both officers consented and allowed the respondents to apply the oil.
Based on these facts, the respondents were charged with a violation of section 480.047, Florida Statutes (1979), in that each one “did unlawfully hold herself out as a masseuse without being first duly licensed under the provisions of this Chapter.” The respondents moved to dismiss the information, alleging the foregoing facts and con *1350 tending that application of the statute to them under these circumstances violated their rights of freedom of association and freedom of expression. They also contended that the statute was vague, ambiguous and overbroad.
The State, replying to the motion to dismiss, denied that the respondents had merely “applied” the sun tan oil, but alleged that, in each case, they had “massaged” the officers “with an oily substance.”
The trial judge ruled that the statute was not vague, overbroad or ambiguous. He ruled that the key word in the definition of “massage”[1] was “manipulation,” which the dictionary defined as including an element of skill, and that when the element of skillfulness was read into the statute, it passed constitutional muster.
Applying this construction to the facts of this case, the court held that the mere “application” of sun tan oil was not prohibited by the statute unless it was done “by manipulation or skill,” and that therefore the State had not properly traversed the allegation in the motion to dismiss that the oil was merely “applied,” since it had not alleged that the application was performed skillfully. The information was dismissed, the State appealed, and the dismissal was affirmed without opinion by the circuit court.
First, the statute is constitutional without the necessity to resort to the limiting construction placed upon it by the county court. “Massage” is defined by the legislature in section 480.033(4) to encompass two activities. The first part of the definition, “the manipulation of the superficial tissues of the human body,” etc., was that construed by the trial judge to require the element of skill. However, we are not concerned with that part of the definition, but rather are concerned here with the second activity included within the definition, that is, “the application to the human body of a chemical or herbal preparation.” This language clearly encompasses the application of sun tan oil to a person, whether it is done skillfully or unskillfully.
If the respondents were punishable for performing this activity without a license from the state, this statute might well be unconstitutionally overbroad. In State v. Bales, 343 So.2d 9 (Fla.1977), the supreme court considered a similar challenge to the predecessor statutes to present Chapter 480. The court held that, although the definition of “massage” at that time[2] appeared to encompass constitutionally protected activity such as “casual back scratches or back rubs,” when the definition was read as a whole, the use of technical terms and examples of the movements included within the definition limited the application of the general terms used; therefore the definition would include only properly regulated activity.
Such a limiting construction is not possible here. The definition, as amended short *1351 ly after the Bales case and as it now exists, includes constitutionally protected activity. However, the present statute is not unconstitutional for that reason, as the old statute would have been. The old statute prohibited the practice of massage without a license,[3] which would have made it unlawful to engage in protected activities defined as “massage.” The present statute, however, merely prohibits one from “holding himself out as a masseur unless duly licensed.” § 480.047(l)(a), Fla.Stat.(1979). “Masseur” is defined as “a person, including a masseuse, certified as required by this act, who administers massage for compensation.” § 480.033(5), Fla.Stat.(1979). Therefore, to show a violation of the statute, the state must show that:
(1) the defendant represented himself to be one who administers massage (as defined by the statute) for compensation;
(2) the defendant represented that he was duly licensed by the state; and
(3) the defendant was not in fact so licensed.
The statute under which the respondents were charged, then, merely prohibits them from falsely representing that they are state certified masseuses, an activity which is properly regulated by the state and in which the respondents can have no constitutional right to engage.
Since the respondents’ motion to dismiss did not address itself to the nonexistence of any of the above elements and did not attempt to establish a defense to the crime, but instead merely showed that the respondents were in fact practicing massage, a circumstance irrelevant to the crime charged, the county court erred in dismissing the information and the circuit court should have reversed.
The scope of review by certiorari has been blurred, particularly in the attempt to define “a departure from the essential requirements of law,” but as pointed out in City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1981), quoting from State v. Smith, 118 So.2d 792 (Fla. 1st DCA 1960):
A judgment void for lack of jurisdiction, or a proceeding characterized by a compete failure to observe essential requirements of law is subject to correction at the discretion of the court vested with the power to issue the writ. Failure to observe the essential requirements of law means failure to accord due process of law within the contemplation of the Constitution, or the commission of an error so fundamental in character as to fatally infect the judgment and render it void.
If the writ is discretionary, judges are bound to come to different conclusions on when there has been a “complete failure to observe essential requirements of law” or when the lower tribunal committed “an error so fundamental in character as to fatally infect the judgment and render it void.” What constitutes a “departure from the essential requirements of law” cannot be corralled within narrow fence lines. One size does not fit all.
In Matthews v. Metropolitan Life Insurance Company, 89 So.2d 641 (Fla.1956), the court said:
But we have the view that the duty of a trial judge to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the “remedy, by due course of law,” guaranteed by Section 4 of the Declaration of Rights of our Constitution, F.S.A., if the trial judge fails or refuses to perform that duty.
See also Chicken ‘N’ Things v. Murray, 329 So.2d 302 (Fla.1976) where the Supreme Court said:
The review on certiorari is to determine whether the order as made is illegal as a matter of law or was made without observing the provisions of law regulating the matters to be considered. . . .
Id. at 306.
Since the trial court applied an incorrect principle of law in dismissing the information and discharging the defendants, the court departed from the essential *1352 requirements of law, since by the application of this incorrect principle the State has been “effectively denied [its] day in court.” Jones, at 571. See also McGuire v. Nelson, 388 So.2d 42 (Fla. 5th DCA 1980). The circuit court should have required a trial on the merits.
The writ of certiorari is granted and the order of the circuit court affirming the order of the county court is quashed.
ORFINGER and COBB, JJ., concur.
COWART, J., dissents with opinion.

. “ ‘Massage’ means the manipulation of the superficial tissues of the human body with the hand, foot, arm, or elbow, whether or not such manipulation is aided by hydrotherapy or thermal therapy, or any electrical or mechanical device, or the application to the human body or a chemical or herbal preparation.” § 480.-033(4), Fla.Stat.(1979).

. “(a) For the purpose of this chapter the term ‘masseur’ or ‘masseuse’ shall be deemed to be a person who practices, administers or teaches all or any one or more of the following subjects and methods of treatments, viz: who administers or teaches treatments with any mechanical or electrical apparatus for the purpose of body slenderizing, body reducing or body contouring.
(b) Further, a person who has studied the underlying principles of anatomy and physiology, including the theory of massage, its indications and contraindications, and administers or teaches all or any one or more of the following subjects and methods of treatments, viz: oil rubs, salt glows, hot or coldpacks, all kinds of baths including steamrooms, cabinet baths, sitz baths, colon irrigations, body massage either by hand or by any mechanical or electrical apparatus or device, excluding fever therapy, applying such movements as stroking, friction, rolling, vibration, kneading, cupping, petris-sage, rubbing, effleurage, tapotement.
(c) Nothing in this section shall be construed as applying to licensed practical nurses, or to orderlies, or attendants, or nurses aides in hospitals under the direction of a licensed physician.”
§ 480.01(1), Fla.Stat.(1975).

. Art. V., § 4(b)(1), Fla.Const.; Fla.R.App.P. 9.030(b)(1)(a).