409 So.2d 133 (1982)
Richard J. LYNCH, Petitioner,
v.
STATE of Florida, Respondent.
No. 81-1332.
District Court of Appeal of Florida, Fifth District.
January 27, 1982.
*134 Joseph W. DuRocher, Public Defender, and Thomas E. Doss, II, Asst. Public Defender, Orlando, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for respondent.
ORFINGER, Judge.
Petitioner appealed to the Circuit Court from a judgment of conviction entered by the County Court. On May 11, 1981, the Public Defender's office, on behalf of petitioner, filed in the Circuit Court a motion to extend the time for filing his initial brief because of delay in the preparation of the record on appeal, asserting that the State Attorney had no objection to the granting of the extension.[1]
Although no order was entered on the motion for extension of time, on July 29, 1981, the circuit judge wrote a letter to the Public Defender's office advising that the appeal would be dismissed unless a brief was filed on or before August 12, 1981. A copy of the letter was filed in the court file. On August 5, 1981, the State served a motion to dismiss the appeal because the time for filing briefs had expired and appellant's brief had not been filed. On the same day, without notice or a hearing, the court entered an order dismissing the appeal. A timely motion to reinstate the appeal was denied, despite a showing that appellant's brief was filed on August 7, 1981, and petitioner seeks a writ of certiorari.
Petitioner alleges that the failure to reinstate the appeal in the light of the facts here constitutes a departure from the essential requirements of law, such as to cause petitioner irreparable injury which cannot be remedied by appeal. It seems contrary to fundamental fairness, and thus a violation of petitioner's right to due process of law, to advise him that he had until August 12, 1981 to file his brief, and then dismiss the appeal on August 5th. In the light of the foregoing, and considering also the fact that petitioner's brief was filed on August 7th, well within the time frame set by the court, there was a departure from the essential requirements of law which results in irreparable injury in the denial of petitioner's motion to reinstate his appeal. See State v. Wagner, 403 So.2d 1349 (Fla. 5th DCA 1981).
The petition for certiorari is GRANTED, and the order denying petitioner's motion to reinstate the appeal is QUASHED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] In his petition for writ of certiorari, petitioner repeats that assertion and in its response the State does not challenge its accuracy.