420 So.2d 316 (1982)
Melvin James COMBS, Petitioner,
v.
STATE of Florida, Respondent.
No. 82-890.
District Court of Appeal of Florida, Fifth District.
September 1, 1982.
Rehearing Denied October 6, 1982.
Howard H. Babb, Jr., Public Defender, and Laura Melvin, Asst. Public Defender, Ocala, for petitioner.
No appearance for respondent.

*317 ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
In this Petition for Writ of Certiorari we are solicited to review an alleged error made by the circuit court sitting in its appellate review capacity. The circuit judge sat in review of a county court judgment of conviction in a Driving While Intoxicated case. We are petitioned to review the county court judgment and the decision of the circuit court concerning a question of law regarding the use of statements made to an officer investigating an automobile accident; which statements were used later against the defendant in his criminal trial. See State v. Coffey, 212 So.2d 632 (Fla. 1968) and Goodis v. Finkelstein, 174 So.2d 600 (Fla. 3d DCA 1965) and the various cases which discuss the statute regarding admissibility of such statements.
Whether or not the county court and the circuit court were in error in their determinations regarding the admissibility of these statements is not for us to decide. Certiorari is not the vehicle for us to review alleged errors of law made by a circuit judge sitting in review of county court judgments. There is no vehicle for that review. The decision of the circuit court is final and not reviewable. City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1981); Magnus v. Century Village, Inc., 379 So.2d 145 (Fla. 4th DCA 1980); Griffin v. State, 367 So.2d 736 (Fla. 4th DCA 1979); Grandin Lake Shores Association, Inc. v. Underwood, 351 So.2d 1131 (Fla. 1st DCA 1977).
In City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980), this court held:
An error must be so flagrant and of such magnitude that a party has been effectively denied his day in court before our certiorari jurisdiction will be invoked. Even though a nonfundamental error should cause reversal in the circuit court it will not prompt our certiorari jurisdiction. (Citations omitted). Thus, the departure from the essential requirements of law necessary to invoke the jurisdiction of this Court must be of such a fundamental nature that it rises to the level of a denial of due process or so fatally infects the proceedings that the judgment cannot answer constitutional muster. This requires a case by case analysis.
At 571.
The only thing we can take by certiorari in this type of case is an alleged "departure from the essential requirements of law" which essentially amounts to violations of due process rights; that is, violations which effectively deny appellate review such as the circuit judge rendering a decision without allowing briefs to be filed and considered, a circuit judge making a decision without a record to support the decision, Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979), or the circuit court dismissing an appeal improperly. Lynch v. State, 409 So.2d 133 (Fla. 5th DCA 1982). The Court of Appeal is not here to provide a second appeal from county court decisions. If we were, why would we need the circuit court as the intermediary? The error as alleged by the petition is noted, but the certiorari is necessarily
DENIED.
COBB, J., concurs.
ORFINGER, C.J., concurs specially with opinion.
ORFINGER, Chief Judge, concurring:
I agree that the writ of certiorari should not issue in this case, because there is no showing that the circuit court in its appellate capacity departed from the essential requirements of law, but I do not agree that the scope of certiorari is as limited as the majority opinion would make it.
Certiorari is a discretionary writ. As this court said in State v. Wagner, 403 So.2d 1349 (Fla. 5th DCA 1981):
If the writ is discretionary, judges are bound to come to different conclusions on when there has been a "complete failure to observe essential requirements of law" or when the lower tribunal committed *318 "an error so fundamental in character as to fatally infect the judgment and render it void." What constitutes a "departure from the essential requirements of law" cannot be corralled within narrow fence lines. One size does not fit all.
See also Matthews v. Metropolitan Life Insurance Company, 89 So.2d 641 (Fla. 1956); Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976).
City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1981), although nominally a Fifth District case, was decided by judges of the Fourth District because it arose during the time the Fifth District was created. It appears to me to say that even a violation of substantive due process rights does not constitute a basis for the grant of the writ of certiorari, when it says:
"If the appellate court had jurisdiction and afforded procedural due process rights to the petitioner, the writ will not issue to correct an erroneous application of the law ..."
Id. at 570.
This, in my opinion is too narrow a view. While admitting that the scope of certiorari in the district courts is the same as that previously exercised by the supreme court, (Id. at 571), City of Winter Park appears to conflict with decisions of that court, which had previously held that violations of substantive due process rights would invoke the certiorari jurisdiction of that court. In Matthews v. Metropolitan Life Insurance Company, 89 So.2d 641 (Fla. 1956), in discussing the scope of its certiorari jurisdiction, the Supreme Court said:
But we have the view that the duty of a trial judge to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the "remedy, by due course of law," guaranteed by section 4 of the Declaration of Rights of our Constitution, F.S.A., if the trial judge fails or refuses to perform that duty.
Id. at 642. Even the Fourth District has not limited the scope of its certiorari review in the narrow fashion indicated in City of Winter Park v. Jones. In Horn & Hardart, Florida, Inc., v. Dietz, 417 So.2d 1039 (Fla. 4th DCA 1982), the court granted certiorari and quashed the order of the circuit court sitting as an appellate court, because the circuit court had reversed an order of the county court which had vacated a default on the finding of excusable neglect, holding that the appellate court had substituted its judgment for that of the fact finder on the issue of excusable neglect. It seems clear that the granting of the writ was not based on a denial of procedural due process.
I agree that this court should not provide a second appeal, and that we should review the appellate decisions of the circuit courts within narrow limits, but I cannot agree that the only basis for our accepting certiorari is a showing that petitioner's procedural due process rights have been violated. We have not so narrowly construed those requirements before, and we should not do so now.