**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10479 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00500-JMR-HCE |
| v. | |
| NAZARIO SANCHEZ-FLORES, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

   Nazario Sanchez-Flores appeals the sentence imposed following his

conviction for illegal reentry.  We affirm.

I

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We agree that the government was required to prove facts underlying the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(a)(1)(A) by clear and convincing evidence, *see, e.g.*, *United States v. Jordan*, 256 F.3d 922, 929 (9th Cir. 2001), but disagree that it failed to do so. The PSR identified a qualifying conviction, which suffices. *See United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1050 (9th Cir. 2003). None of the remaining enhancements is so disproportionate as to require application of the heightened standard. *See United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999).

II

We review Sanchez-Flores's contention that the district court abused its discretion by failing to require adequate security of his digital criminal history for plain error, as he failed to object on this basis in district court. There was none, as no evidence challenging the PSR, which incorporated this information, was adduced.[1]

III

---

[1] The same is true whether or not we take judicial notice of the Federal Trade Commission web-based tutorial, as Sanchez-Flores requests.

Sanchez-Flores cites numerous other errors in the district court's treatment of his criminal history, specifically to paragraphs 25, 24, 20, and 22 of the PSR. It appears to us that all objections except to paragraph 24 were abandoned in district court. Regardless, we see no merit in any of them.

In short, he offered nothing that contradicted paragraph 20, nor is the later conviction upon which it relies improbable given Florida's tolling provisions. Other claimed deficiencies are harmless as, even accounting for them, Sanchez-Flores would nevertheless have been in Category VI leaving the Guidelines range unchanged.

He raised no authenticity issue about the electronic printout underlying the PSR's recommendation in paragraph 22 in the district court, and the court did not plainly err in relying on it or on the PSR's identification of various aliases and birth dates. Sanchez-Florez proffered no evidence challenging the PSR's findings. The apparent lapse that Sanchez-Florez points out does not show an obvious error, as he maintains, but is explained by his not being rearrested for the probation violation until April 10, 2003.

Contrary to his submission, the record shows two separate driving offenses with an intervening arrest on October 4, 2005. Thus, assigning an additional point for the offenses in paragraph 25 was not erroneous.

Finally, most of his paragraph 24 arguments are new on appeal. The court did not plainly err as there is no inconsistency in dates given credits available to Sanchez-Flores. Neither does a different Florida court document's failure to mention his August 9, 2004 conviction indicate that it doesn't exist. While Sanchez-Flores did preserve an objection for vagueness to the government's documentation, the court did not abuse its discretion in light of the information about date and location of conviction, sentence term, and date of birth in the PSR.

IV

The court did not plainly err in enhancing Sanchez-Flores's guidelines range due to his conviction under Florida Statute § 893.13(1). Section 893.13 is not broader than the definition of "drug trafficking" in § 2L1.2 simply because it contains the word "deliver," as Sanchez-Flores contends. Florida defines "distribute" as "to deliver, other than by administering or dispensing, a controlled substance," Fla. Stat. § 893.02(8), in a manner almost identical to the definitions of "distribute" and "delivery" in the Controlled Substances Act, 21 U.S.C. § 802(11). Thus, we see no relevant distinction between "distribute" and "delivery" that would make Sanchez-Flores's Florida conviction and § 2L1.2 an obvious categorical mismatch.

AFFIRMED.