# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

Lyle W. Cayce
Clerk

No. 12-40199
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS RUIZ-SANCHEZ, also known as Rafael Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1707-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Ruiz-Sanchez appeals his 41 month sentence following his guilty plea conviction for illegal presence in the United States after removal. He challenges the district court's finding that one of his prior convictions was a drug trafficking offense and the resulting imposition of a 16-level enhancement under the Sentencing Guidelines.

As an initial matter, the Government argues that Ruiz-Sanchez invited or waived this alleged error. Based on our review of the record, we conclude that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defense counsel did not invite or waive the alleged error; however, because counsel failed to object on this basis in the district court, any error was forfeited and our review is for plain error. *See United States v. Arviso-Mata,* 442 F.3d 382, 384 (5th Cir. 2006).

Ruiz-Sanchez argues that the district court plainly erred by finding that his prior Illinois conviction was a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i). A defendant sentenced under § 2L1.2 is subject to a 16-level increase if he was previously deported after having been convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." § 2L1.2(b)(1)(A)(i). Courts employ a categorical approach when determining whether a prior conviction qualifies as an enumerated offense for enhancement purposes, looking to the elements of the prior offense, rather than the facts underlying that conviction. *United States v. Garza-Lopez,* 410 F.3d 268, 273 (5th Cir. 2005). In some cases, where it is necessary to determine if the defendant's prior offense falls within the definition of the enumerated offense, the court may consider certain judicial records, including the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States,* 544 U.S. 13, 16 (2005). Ruiz-Sanchez asserts that the only evidence in the record that the district court could consider was the Order of Commitment and Sentence, which merely proves that he was convicted under 720 Ill. Comp. Stat. 570/401. However, because that statute also criminalizes administering of a controlled substance, he argues that it is broader than the definition of a drug trafficking offense under § 2L1.2(b)(1)(A)(i).

A district court may not rely solely on the PSR's characterization of a prior conviction for sentence enhancement purposes. *See Garza-Lopez,* 410 F.3d at 273-74; *United States v. McCann,* 613 F.3d 486, 502 (5th Cir. 2010). However, the district court asked Ruiz-Sanchez at sentencing whether "everything [was] correct in your presentence report," and he answered affirmatively. When a

defendant admits that the PSR is correct, a district court may rely on the facts in the PSR to help determine whether a prior conviction is an enumerated offense. *See United States v. Martinez-Vega,* 471 F.3d 559, 563 (5th Cir. 2006). The PSR stated that police officers observed Ruiz-Sanchez deliver a bag to another man and that Ruiz-Sanchez later admitted that this bag had contained five kilograms of cocaine. In light of this information in the PSR, which Ruiz-Sanchez admitted was correct, Ruiz-Sanchez was convicted of delivery, not administering, of a controlled substance. *See Martinez-Vega,* 471 F.3d at 563; *see also United States v. Sandoval-Ruiz,* 543 F.3d 733, 735 (5th Cir. 2008) (finding that a similar Illinois statute criminalizing delivery of marijuana "fit comfortably within the federal definition of a drug-trafficking offense").

Ruiz-Sanchez has not shown that the district court's determination that his prior conviction was a drug trafficking offense under the Sentencing Guidelines was an error that was plain or obvious. Therefore, he has not shown that the district court plainly erred in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(i).

AFFIRMED.