# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40199
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee

v.

JESUS RUIZ-SANCHEZ, also known as Rafael Sanchez,

                        Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1707-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Ruiz-Sanchez pleaded guilty to illegal presence in the United States after removal and was sentenced to 41 months of imprisonment. We previously affirmed; however, the Supreme Court granted certiorari, vacated our opinion, and remanded for further consideration in light of *Descamps v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40199

*United States,* 133 S. Ct. 2276 (2013).  *See United States v. Ruiz-Sanchez,* 505 F. App'x 370 (5th Cir.), *vacated and remanded,* 134 S. Ct. 60 (2013).

As an initial matter, the Government argues that Ruiz-Sanchez invited or waived the alleged error.  We conclude that defense counsel did not invite or waive the alleged error; however, because counsel failed to object on this basis in the district court, our review is for plain error.  *See United States v. Arviso-Mata,* 442 F.3d 382, 384 (5th Cir. 2006).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States,* 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Ruiz-Sanchez appeals the district court's determination that a prior Illinois conviction qualified as a drug trafficking offense and the resulting imposition of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2011). He argues that the Illinois statute at issue, 720 ILL. COMP. STAT. 570/401(a)(2)(D), criminalizes some kinds conduct, such as administering a controlled substance, that do not qualify as a drug trafficking offense under § 2L1.2(b)(1)(A)(i).  However, Ruiz-Sanchez has not pointed to any Illinois case applying this statute in an "administering" situation.  A "theoretical possibility" that a statute encompasses other types of conduct that would not qualify is insufficient to avoid application of the enhancement.  *See United States v. Carrasco-Tercero,* 745 F.3d 192, 197-98 (5th Cir. 2014).  We agree with a recent unpublished decision of this court finding that any error in applying the enhancement on this basis was not clear or obvious error.  *See United States v. Villeda-Mejia,* No. 13-40089, ___ F. App'x ___, 2014 WL 1229953 (5th

2

No. 12-40199

Cir. Mar. 26, 2014).  Ruiz-Sanchez has not shown that the district court plainly erred in applying the enhancement.  *See Puckett,* 556 U.S. at 135.

AFFIRMED.