# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41007

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISRAEL NOE JUAREZ-VELAZQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-365

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:*

This is a direct criminal appeal from Appellant's conviction for being a removed alien found in the United States in violation of 8 U.S.C. § 1326(b). Finding no plain error, we AFFIRM the sentence and REMAND to the district court for reformation of the judgment to reflect the conviction and sentence under 8 U.S.C. § 1326(b)(1).

Israel Noe Juarez-Velazquez ("Juarez-Velazquez") pleaded guilty to being unlawfully found in the United States after deportation without a plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  13-41007

agreement.  *Id.* § 1326(b)(2).  The Presentence Report increased his offense level by 12 levels based upon his previous Florida drug conviction constituting a "felony drug trafficking offense" pursuant to U.S.S.G. § 2L1.2(b)(1)(B).  The total offense level was 17, and with a criminal history category of IV, the recommended guidelines range was 37 to 46 months.  Juarez-Velazquez did not object to the 12-level increase or to the classification of his Florida conviction as an "aggravated felony" for purposes of § 1326(b).  The district court imposed a sentence of 42 months of imprisonment.  Juarez-Velazquez now appeals his sentence.

I.     Felony Drug Trafficking Offense under § 2L1.2(b)(1)(B)

Juarez-Velazquez argues that his prior felony marijuana conviction in Florida does not constitute a drug trafficking offense under § 2L1.1(b)(1)(B). He argues that the Florida statute criminalizes administering a controlled substance and that conduct does not qualify as a drug trafficking offense under § 2L1.1(b)(1)(B).  As he concedes, because the issue is raised for the first time on appeal, it must be reviewed for plain error.  Under plain error review, this court finds "plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Gracia–Cantu*, 302 F.3d 308, 310 (5th Cir. 2002).  If a defendant proves these three elements, this court has the "discretion to correct the error only if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alternation in original) (citation and internal quotation marks omitted).

Juarez-Velazquez was convicted pursuant to Fla. Stat. § 893.13(1)(a), which provides that a "person may not sell, manufacture, or deliver, or possess

2

with intent to sell, manufacture, or deliver, a controlled substance."[1]  Section 2L1.2(b)(1)(B) provides that if a defendant has a prior "conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase [the offense level] by **12** levels."   The commentary to § 2L1.2 defines a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 2L1.2 cmt. n.1(B)(iv).

To determine whether a prior conviction qualifies as a drug trafficking offense, this court employs the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990), comparing the elements of the prior offense, rather than the facts underlying the conviction, with the definition of a "drug trafficking offense" in the commentary to § 2L1.2. *United States v. Reyes-Mendoza*, 665 F.3d 165, 166–67 (5th Cir. 2011).  If a statute has disjunctive subsections, as it does here, this court "may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction." *United States v. Castaneda*, 740 F.3d 169, 172 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also United States v. Sarmientos*, 742 F.3d 624, 629 (5th Cir. 2014) (stating that § 893.13 is divisible).  In doing so, this court's review is "generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *Castaneda*, 740 F.3d at 172 (internal

---

[1] The criminal information for Juarez-Velasquez's 2005 Florida offense, which tracks the language of § 893.13(1)(a), states that he unlawfully and knowingly sold, manufactured, or delivered or possessed with the intent to sell, manufacture or deliver 129 grams of cannabis in violation of § 893.13(1)(a).

No.  13-41007

quotation marks and citation omitted); *Shepard v. United States*, 544 U.S. 13, 16 (2005). "Where the record does not make clear the offender's offense and conviction, courts must ensure that the least culpable act that violates the statute constitutes a drug-trafficking offense." *Reyes-Mendoza*, 665 F.3d at 167.

Juarez-Velazquez contends that his Florida offense cannot be narrowed by *Shepard*-approved documents.  544 U.S. at 16.  We need not determine whether the available record contains *Shepard*-approved documents because we conclude that, under the plain error standard, Juarez-Velazquez has not shown that Florida's definition of delivery of a controlled substance is plainly or obviously broader than the definition of a drug trafficking offense under § 2L1.2.

Very recently, this court rejected the same claim regarding an Illinois drug trafficking statute.  *United States v. Ruiz-Sanchez,* __ F. App'x __, 12-40199, 2014 WL 2925157 (5th Cir. June 30, 2014) (per curiam).  We concluded that because Appellant failed to cite any Illinois case applying the criminal statute to the conduct of administering the controlled substance, he had not demonstrated plain error.  *Id.* at *1; *United States v. Villega-Mejia*, 559 F. App'x 387, 389 (5th Cir. 2014) (finding no plain error because the Appellant had not cited a Washington case applying the drug statute to the conduct of administering the controlled substance); *see also United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014) (explaining that the offender must point to a case in which a state court has applied the statute of conviction in the special manner he hypothesizes) (preserved error case).

Here, Juarez-Velazquez attempts to show plain error by citing *State v. Weeks*, 335 So. 2d 274 (Fla. 1976), and *State v. Cilento*, 377 So. 2d 663 (Fla. 1979), both of which involve convictions under § 893.13(1)(a) for delivery of a controlled substance.  Neither case, however, involved a defendant accused of

"administering" a controlled substance. And so neither makes the error he presses on appeal "plain" or "obvious."[2]

The Ninth Circuit has held, on plain-error review, that the instant Florida statute "is not broader than the definition of 'drug trafficking' in section 2L1.2 simply because it contains the word 'deliver.'" *United States v. Sanchez-Flores,* 357 F. App'x 833 (9th Cir. 2009) (unpublished). The Ninth Circuit's holding rejects Juarez-Velazquez's argument. *See* Appellant's brief at 14 ("[A] comparison of the Florida definition of 'deliver' or 'delivery' compared with the terms used in the Sentencing Guidelines shows that the Florida offense of delivery of a controlled substance falls outside the generic meaning of the term 'drug trafficking offense' as used in USSG § 2L1.2(b)(1)(B)."). In view of the Ninth Circuit's rejection of this claim and because Juarez-Velazquez fails to cite a case in which a Florida court has actually applied that statute to the conduct of administering a controlled substance, we conclude he has failed to show clear and obvious error. *See United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011) (explaining that "[b]ecause our law is unsettled, and the law of our sister circuits is not uniformly in the defendant's favor, plain error is not demonstrated").

II.    Aggravated Felony under 8 U.S.C. § 1326(b)(2)

Juarez-Velazquez also contends that the district court plainly erred in classifying his Florida conviction as an "aggravated felony" under 8 U.S.C.

---

[2] Juarez-Velazquez points to § 893.05(1), which provides that: "A practitioner, in good faith and in the course of his professional practice only, may prescribe, administer, dispense, mix or otherwise prepare a controlled substance, or he may cause the same to be administered by a licensed nurse or an intern practitioner under his direction and supervision only." This statute "provides a necessary exception to the imposition of criminal penalties for the conduct proscribed under Section 893.13." *Weeks*, 335 So.2d at 275. Nevertheless, it does not satisfy Juarez-Velazquez's burden of proving plain error by citing a case in which a Florida court has applied the drug statute to the conduct of administering a controlled substance.

§ 1326(b)(2). In the context of an immigration case, we have recently held that a § 893.13(1)(a) offense—Juarez-Velazquez's statute of conviction—is not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) because it lacks the requisite mental state. *United States v. Sarmientos*, 742 F.3d 624, 627–32 (5th Cir. 2014). For purposes of applying the enhanced sentencing penalties of § 1326(b)(2), the term "aggravated felony" likewise has the meaning given that term in 8 U.S.C. § 1101(a)(43). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367–69 (5th Cir. 2009) (analyzing definition of "aggravated felony" in § 1101(a)(43) to determine whether the defendant was properly convicted under § 1326(b)(2)). Thus, it was error to classify Juarez-Velazquez's prior conviction as an "aggravated felony" under § 1326(b)(2); instead, the conviction should have been classified as a prior felony under § 1326(b)(1).

Juarez-Velazquez's reply brief makes clear that he is *only* seeking reformation of the judgment—and not resentencing—based on this error. In any event, he is not entitled to a remand for resentencing because he cannot show that this error affected his sentence. *See Mondragon–Santiago*, 564 F.3d at 369. Nevertheless, because Juarez-Velazquez's illegal reentry offense was a § 1326(b)(1) violation rather than a § 1326(b)(2) violation, we REMAND for the sole purpose of reforming the judgment to reflect the proper statute of conviction. *See* 28 U.S.C. § 2106 (allowing modification of judgment); *see United States v. Ramos-Bonilla,* 558 F. App'x. 440, 442 (5th Cir. 2014) (reforming judgment to indicate 8 U.S.C. § 1326(b)(1) even though appellant could not show plain error). In all other respects, the judgment is AFFIRMED.