**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-50745

UNITED STATES,

Plaintiff-Appellee,

VERSUS

JUAN ALFREDO TREJO LICON-NUNEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(3:06-CR-323-1)

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant Juan Alfredo Trejo Licon-Nunez ("Licon-Nunez") appeals the district court's imposition of a fifty-seven-month term of imprisonment following his guilty plea conviction for illegal reentry after deportation. He argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

court erred by increasing his offense level by sixteen levels based on a determination that his prior guilty plea conviction in New Mexico for aggravated assault with a deadly weapon was a crime of violence under U.S.S.G. § 2L1.2. He further argues that the district court erred by refusing to consider as a sentencing factor his benign motive for reentering the United States--to find employment to pay for his daughter's medical treatment. Licon-Nunez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no error, we affirm.

I.

In February 2006, Licon-Nunez was charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The Government filed a Notice of Intent to Seek an Increased Statutory Penalty under 8 U.S.C. § 1326(b)(2) based on Licon-Nunez's prior guilty plea conviction in New Mexico for aggravated assault with a deadly weapon. In March 2006, Licon-Nunez pleaded guilty without a plea agreement to the charged offense of illegal reentry after deportation.

Prior to sentencing, Licon-Nunez filed a motion to dismiss the penalty enhancement and an objection to the imposition of a

sentence greater than two years, arguing that he was only subject to the two-year penalty set out in § 1326(a), not the increased penalty set out in § 1326(b), because his indictment did not allege the prior commission of a crime of violence and he did not plead guilty to the same. He cited *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in support of his argument, but conceded that his argument was foreclosed by Fifth Circuit precedent. The court denied his motion.

The presentence report (PSR) recommended that Licon-Nunez's base offense level of eight be increased by sixteen levels under U.S.S.G. § 2L1.2 based on his prior guilty plea conviction in New Mexico for a crime of violence, to wit, aggravated assault with a deadly weapon. The PSR also recommended a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-one. With a total offense level of twenty-one and a Criminal History Category IV, Licon-Nunez's Guidelines sentencing range was fifty-seven to seventy-one months.

In his written objections to the PSR, Licon-Nunez renewed his *Apprendi* objection to a penalty enhancement and also objected to the sixteen-level crime of violence enhancement, asserting that his prior conviction was not a crime of violence under § 2L1.2 because it was not an enumerated offense and it did not include an element of force. He also sought a downward departure

3

or variance based on the fact that he reentered the United States to find employment to pay for his daughter's medical treatment. The district court determined at the sentencing hearing that Licon-Nunez's prior offense of aggravated assault was an enumerated offense and also that the allegation in the indictment that he assaulted or struck the victim with a deadly weapon, a knife, was sufficient to show an element of force. The district court also overruled Licon-Nunez's *Apprendi* objection and denied his request for a downward departure. Licon-Nunez filed a timely notice of appeal.

## II.

### A.

In his first point of error, Licon-Nunez argues that the district court erred in applying a sixteen-level enhancement under U.S.S.G. § 2L1.2 because his New Mexico conviction does not qualify as a crime of violence. This Court reviews the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Sarmiento-Funes*, 374 F.3d 336, 338 (5th Cir. 2004). Section 2L1.2(b)(1)(A)(ii) provides for a sixteen-level enhancement when the defendant was previously deported after a conviction for a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). A crime of violence, as defined in the commentary to that section, includes various enumerated offenses,

4

including "aggravated assault," and "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. 1(B)(iii); *see also United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007). Licon-Nunez's New Mexico conviction qualifies as a crime of violence if it meets either of these definitions. *Dominguez*, 479 F.3d at 347. Because we find that the New Mexico conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another," we do not consider whether it qualifies as the enumerated offense of aggravated assault.

Under the New Mexico aggravated assault statute, a person commits aggravated assault by

> A. unlawfully assaulting or striking at another with a deadly weapon;
> B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or
> C. willfully and intentionally assaulting another with intent to commit any felony.

N.M. STAT. ANN. § 30-3-2. Licon-Nunez's indictment tracked the language of § 30-3-2A, charging that he "did assault or strike at Cesar Esparza with a deadly weapon, to wit: a knife, a fourth degree felony contrary to Section 30-3-2A NMSA 1978." The New Mexico Uniform Jury Instructions indicate that to be convicted of aggravated assault by use of a deadly weapon, a defendant must

(1) try to touch or apply force to the victim, (2) act in a rude, insolent, or angry manner, (3) use a deadly weapon, and (4) intend to touch or apply force to the victim. NEW MEXICO UNIFORM JURY INSTRUCTIONS--CRIMINAL 14-304.

This Court employs a categorical approach in determining whether an offense qualifies as a crime of violence under § 2L1.2. *Dominguez*, 479 F.3d at 347 (citing *United States v. Chapa-Garza*, 243 F.3d 921, 924 (5th Cir. 2001)). Under that approach, "we examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether an offense meets the definition of a crime of violence." *Id.* (citing *United States v. Calderon-Pena*, 383 F.3d 254, 257-58 (5th Cir. 2004) (en banc), *cert. denied*, 543 U.S. 1076 (2005)). If the statute of conviction contains a series of disjunctive elements, "'a court may look to the indictment or jury instructions, for the limited purpose of determining which of a series of disjunctive elements a defendant's conviction satisfies.'" *Id.* (quoting *Calderon-Pena*, 383 F.3d at 258).

As mentioned above, Licon-Nunez's indictment charged that he "did assault or strike at Cesar Esparza with a deadly weapon, to wit: a knife, a fourth degree felony contrary to Section 30-3-2A NMSA 1978." Thus, his offense has two elements: (1) the unlawful assaulting or striking at another and (2) the use of a deadly

6

weapon. The New Mexico Uniform Jury Instructions clarify that the "the unlawful assaulting or striking at another" element requires that the defendant try to and intend to touch or apply force to the victim while acting in a rude, insolent, or angry manner. We have not previously considered whether the New Mexico crime of aggravated assault by use of a deadly weapon requires as an element the use, attempted use, or threatened use of physical force against the person of another. Licon-Nunez argues that the offense does not require an element of force because it can be committed by via offensive touching rather than via the application of force. He distinguishes offensive touching from touching involving injury to the victim, and cites Fifth Circuit precedent questioning whether offensive touching alone requires an element of force.

We have recently held that the offensive touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence. *Dominguez*, 479 F.3d at 348. In *Dominguez*, the Court considered whether the Florida offense of aggravated battery by use of a deadly weapon, which can be committed via the intentional touching of a victim with a deadly weapon, was a crime of violence. The Court determined that even though an intentional touching with a deadly weapon might not itself cause injury, as required for an actual use of force,

7

"it could lead to more violent contact, or could at least put the victim on notice of the possibility that the weapon will be used more harshly in the future, thereby constituting a threatened use of force." *Id.* at 349. We think the same may be said of the New Mexico crime of aggravated assault by use of a deadly weapon. While the New Mexico crime differs from the crime in *Dominguez* because the former does not require an actual touching, the attempt to offensively touch a victim with a deadly weapon combined with the intent to do the same is enough to give rise to a threatened use of force under the reasoning in *Dominguez*. Thus, Licon-Nunez's conviction for aggravated assault by use of a deadly weapon qualifies as a crime of violence warranting a sentence enhancement under § 2L1.2.

B.

In his second point of error, Licon-Nunez argues that the district court erred by failing to consider as a sentencing factor under 18 U.S.C. § 3553(a) his alleged benign motive for reentering the United States. Post-*Booker*, we review a district court's sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-63 (2005); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert denied*, 126 S. Ct. 43 (2005). Although district courts have considerable discretion in sentencing post-*Booker*, they remain bound to consider the Sentencing Guidelines

8

and the sentencing factors set forth in 18 U.S.C. § 3553(a). *Mares*, 402 F.3d at 518-19. This duty to consider the Guidelines includes a duty to calculate and consider the Guidelines sentencing range. *United States v. Charon*, 442 F.3d. 881, 886 (5th Cir.), *cert. denied*, 127 S. Ct. 260 (2006).

Despite Licon-Nunez's contention, the district court did consider Licon-Nunez's alleged benign motive for reentering the United States. Licon-Nunez filed a written objection to the PSR requesting a downward departure on the basis of his family-oriented motive. And at his sentencing hearing, Licon-Nunez's attorney addressed the basis for the objection and Licon-Nunez took the stand to explain his situation. Only then did the district court deny Licon-Nunez's request for a downward departure.

Assuming without deciding that Licon-Nunez's family-oriented motive is an appropriate sentencing factor under § 3553(a), we are not persuaded that his sentence is unreasonable. Although the district court did not explicitly state at sentencing that it had considered all of the § 3553(a) factors in reaching its decision, "[a] district court is not required to give 'a checklist recitation of the section 3553(a) factors.'" *United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007) (quoting *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006)). When a

9

district court imposes a Guidelines sentence, it does not have to articulate its reasons as thoroughly as when it imposes a non-Guidelines sentence. *Smith*, 440 F.3d at 707. Congress never intended sentencing "to become a hyper-technical exercise devoid of common sense." *United States v. Gonzales*, 250 F.3d 923, 930 (5th Cir. 2001). Licon-Nunez has not shown that his sentence of fifty-seven months is unreasonable, and the district court did not err in imposing it.

## C.

In his third point of error, Licon-Nunez argues that his fifty-seven-month term of imprisonment exceeds the statutory maximum sentence of two years permitted for a conviction under 8 U.S.C. 1326(a). He challenges the constitutionality 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He recognizes that his argument is foreclosed by *Alemendarez-Torres v. United States*, 523 U.S. 224 (1998), but raises it to preserve it for further review.

## III.

For the foregoing reasons, we AFFIRM Licon-Nunez's conviction and sentence.