# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-51243

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VALENTIN CARRASCO-TERCERO, also known as Gerardo Santacruz,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JONES, SMITH, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Valentin Carrasco-Tercero appeals the sentence imposed by the district court for unlawfully reentering the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1), contending that his prior New Mexico conviction for aggravated assault with a deadly weapon was not a crime of violence within the meaning of § 2L1.2 of the federal Sentencing Guidelines. We affirm.

**I**

Carrasco-Tercero pled guilty to the crime of illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). The Probation Office prepared a presentence report (PSR) that recommended a total offense level of 17 and a criminal history category of II. This offense level included the application of a 12-level enhancement pursuant to United

No. 12-51243

States Sentencing Guidelines Manual (U.S.S.G) § 2L1.2(b)(1)(A)(ii), which applies to a defendant who was previously deported or unlawfully remained in the United States after a "conviction for a felony that is . . . a crime of violence."[1] The PSR applied this enhancement based upon Carrasco-Tercero's 1985 New Mexico conviction for aggravated assault.

Carrasco-Tercero filed a written objection to the application of the crime of violence enhancement and reiterated his objection at sentencing. He contended that the New Mexico statute defining aggravated assault criminalized conduct that was outside of the scope of the generic crime of aggravated assault and did not contain as an element the use, attempted use, or threatened use of physical force. The district court overruled his objection and adopted the findings and recommendations of the PSR. The recommended Sentencing Guidelines range was 27 to 33 months of imprisonment, and the district court sentenced Carrasco-Tercero to serve 27 months. The district court did not impose a term of supervised release. Carrasco-Tercero contends on appeal that the district court miscalculated the applicable Guidelines range by applying the § 2L1.2(b)(1)(A)(ii) crime of violence enhancement.

## II

"We review de novo whether a prior conviction constitutes a crime of violence within the meaning of the Guidelines."[2] The Guidelines define a crime of violence as (1) any offense in a list of enumerated offenses which includes "aggravated assault," or (2) "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of

---

[1] U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[2] *United States v. Sanchez*, 667 F.3d 555, 560 (5th Cir. 2012).

No. 12-51243

another."[3]  Carrasco-Tercero's conviction qualifies as a crime of violence if it meets either of these definitions.[4]   Because we conclude that Carrasco-Tercero's conviction qualifies as a crime of violence under the "has as an element" clause, we decline to decide whether it constitutes a crime of violence as an enumerated offense as well.

## III

This court employs a categorical approach in determining whether an offense qualifies as a crime of violence under § 2L1.2.[5]  "[W]e examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether an offense meets the definition of a [crime of violence]."[6]

The New Mexico aggravated assault statute under which Carrasco-Tercero was convicted provides:

Aggravated assault consists of either:

> A. unlawfully assaulting or striking at another with a deadly weapon;

> B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or

> C. willfully and intentionally assaulting another with intent to commit any felony.

---

[3] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); *see also United States v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012).

[4] *United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007).

[5] *Id.*

[6] *United States v. Ortiz-Gomez*, 562 F.3d 683, 684 (5th Cir. 2009); *see also United States v. Calderon-Pena*, 383 F.3d 254, 257-58 (5th Cir. 2004) (en banc).

3

No. 12-51243

Whoever commits aggravated assault is guilty of a fourth degree felony.[7]

When, as here, the statute of conviction encompasses multiple, divisible offenses, we apply a modified categorical approach.[8] We may consider parts of the record of conviction to "pare down [the] statute" to determine the specific offense of which the defendant was convicted.[9] As Carrasco-Tercero was found guilty by a jury, the records we may examine include the charging documents and the jury instructions actually given in the case.[10] We are informed by the parties to this appeal that the jury instructions that were given in the prior state proceeding are unavailable. The New Mexico Criminal Information is available, and it alleged that Carrasco-Tercero "did[] unlawfully assault or strike at [the victim] and said act was done with a deadly weapon, to-wit: a firearm, contrary to Section 30-3-2, and 31-18-16, NMSA, 1978." These allegations track the language of New Mexico Statute § 30-3-2(A), regarding aggravated assault, and § 31-18-16, which enhances the permissible sentencing range if there is a finding that a firearm was used during the commission of a noncapital felony.[11] Aggravated assault with a deadly weapon under § 30-3-2(A) requires proof of general criminal intent, "defined as

---

[7] N.M. STAT. ANN. § 30-3-2.

[8] *United States v. Gore*, 636 F.3d 728, 732 & n.17 (5th Cir. 2011) (citing *Johnson v. United States*, 559 U.S. 133, 144-45 (2010)).

[9] *Perez-Munoz v. Keisler*, 507 F.3d 357, 361 (5th Cir. 2007); *see also Descamps v. United States*, 133 S. Ct. 2276, 2284-86 (2013).

[10] *United States v. Mohr*, 554 F.3d 604, 607 (5th Cir. 2009) (citing *Shepard v. United States*, 544 U.S. 13, 20 (2005)).

[11] N.M. STAT. ANN. § 31-18-16.

No. 12-51243

conscious wrongdoing or the purposeful doing of an act that the law declares to be a crime."[12]

Carrasco-Tercero asserts that "unlawfully assaulting or striking at another with a deadly weapon" is not a crime of violence because the offense does not necessarily have as an element the use, attempted use, or threatened use of force against another person. Carrasco-Tercero concedes that "striking" another with a deadly weapon would be a crime of violence, but contends that "assaulting" another with a deadly weapon would not be because "assault" under New Mexico law includes "the use of insulting language toward another." The term "assault," as used in § 30-3-2, is defined in reference to the basic New Mexico assault statute of § 30-3-1.[13] That statute says:

Assault consists of either:

> A. an attempt to commit a battery upon the person of another;
>
> B. any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery; or
>
> C. the use of insulting language toward another impugning his honor, delicacy or reputation.[14]

Carrasco-Tercero cites the Supreme Court's decision in *Moncrieffe v. Holder*[15] for the proposition that courts must ensure that the least culpable act

---

[12] *State v. Campos*, 921 P.2d 1266, 1277 n.5 (N.M. 1996); *see State v. Bachicha*, 808 P.2d 51, 54 (N.M. Ct. App. 1991).

[13] *State v. DeMary*, 655 P.2d 1021, 1023 (N.M. 1982) (construing the phrase assaulting in § 30-3-2 by reference to the definition of assault in § 30-3-1), *overruled on other grounds by State v. Armendariz*, 141 P.3d 526 (N.M. 2006).

[14] N.M. STAT. ANN. § 30-3-1.

[15] 133 S. Ct. 1678 (2013).

criminalized under a statute of conviction is a crime of violence in determining whether an enhancement under § 2L1.2(b) of the Guidelines applies.[16]    He relies on subsection (C) of the New Mexico assault statute in contending that a conviction could be obtained if the defendant simply used "insulting language toward another" while holding a deadly weapon.  As an offense, he continues, this would not have as an element the use or threatened use of force against another and therefore would not be a crime of violence.  Carrasco-Tercero argues that because his New Mexico record of conviction does not indicate which of the categories of assault for which he was convicted, we are required to "presume that [his] conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized."[17]    This least culpable act would not be a crime of violence, he maintains.

Our court has held in an unpublished opinion that a New Mexico aggravated assault conviction for a violation of § 30-3-2(A) is categorically a crime of violence under the "has as an element" clause of the Guidelines.[18]  The Tenth Circuit has reached the same conclusion.[19]    However, the "insulting language" construction offered by Carrasco-Tercero was not presented in either of those cases.  In *United States v. Licon-Nunez*,[20] this court assumed that the New Mexico statute required an "attempt to offensively touch a victim with a

---

[16] *Moncrieffe*, 133 S. Ct. at 1684; *see also United States v. Reyes-Mendoza*, 665 F.3d 165, 167 (5th Cir. 2011) ("Where the record does not make clear the offender's offense and conviction, courts must ensure that the least culpable act that violates the statute constitutes [a crime of violence under § 2L1.2].").

[17] *Moncrieffe*, 133 S. Ct. at 1684 (second and third alterations in original); *see also Reyes-Mendoza*, 665 F.3d at 167.

[18] *United States v. Licon-Nunez*, 230 F. App'x 448, 450-52 (5th Cir. 2007) (unpublished).

[19] *See United States v. Ramon Silva*, 608 F.3d 663, 669-74 (10th Cir. 2010).

[20] 230 F. App'x 448 (5th Cir. 2007) (unpublished).

deadly weapon."[21]  In *United States v. Ramon Silva*,[22]  a divided panel of the Tenth Circuit evaluated only whether "apprehension causing" aggravated assault, which "requires proof that [the] defendant threatened or engaged in menacing conduct with a deadly weapon," was a crime of violence.[23]  Both our court and the Tenth Circuit were applying the definitions of assault listed in §§ 30-3-1(A) and (B), respectively, but neither panel evaluated the argument that an aggravated assault conviction could be based on the definition of assault in subsection (C).

The only circuit court to assess the precise argument that is being asserted here is the Sixth Circuit.  In *United States v. Rede-Mendez*,[24] a divided panel of the Sixth Circuit held that because the aggravated assault conviction could be based on "insulting language" with a deadly weapon, a New Mexico aggravated assault conviction is not a crime of violence within the meaning of the "element" clause of the Guidelines.[25]  "The broad definition of assault . . . obstructs any argument that New Mexico aggravated assault (deadly weapon) qualifies as a crime of violence under the 'element' prong."[26]  For similar reasons, the court also held that it was not a crime of violence under the enumerated-offense prong.[27]

---

[21] *Licon-Nunez*, 230 F. App'x at 452.

[22] 608 F.3d 663 (10th Cir. 2010).

[23] *Ramon Silva*, 608 F.3d at 670 (alteration in original).

[24] 680 F.3d 552 (6th Cir. 2012).

[25] *Rede-Mendez*, 680 F.3d at 559-60 ("We recognize that Rede-Mendez does not contend that his aggravated-assault conviction was based on the use of insulting language. . . . [But] [w]ithout any indication as to whether Rede-Mendez's aggravated-assault conviction fit within the generic definition or could have involved the threatened use of physical force, we cannot conclude that Rede-Mendez committed a crime of violence.").

[26] *Id.* at 558.

[27] *Id.* at 557-58.

No. 12-51243

With great respect, we are unpersuaded by the Sixth Circuit's reasoning. An aggravated assault conviction based upon "insulting language" is, at best, a theoretical, rather than a realistic proposition under New Mexico law. Theoretical applications of a statute to conduct that would not constitute a crime of violence do not demonstrate that the statutory offense is categorically not a crime of violence. As the Supreme Court explained in *Moncrieffe v. Holder*, the categorical approach assumes that the defendant committed the least culpable act to satisfy the count of conviction as long as there is "*a realistic probability, not a theoretical possibility,* that the State would apply its statue to [that conduct]."[28] "To show [a] realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special . . . manner for which he argues."[29] Here Carrasco-Tercero has simply not shown that there was a realistic probability that New Mexico would charge an individual with aggravated assault on the basis of using insulting language while handling a deadly weapon. We agree with Judge Richard Griffin, who pointed out in his dissent in *Rede-Mendez* that, "[a]s common and legal sense would dictate, the New Mexico courts do not recognize a theory of aggravated assault with a deadly weapon arising from the use of insulting language toward another."[30]

Carrasco-Tercero has failed to identify a single case where a New Mexico court has convicted a defendant of aggravated assault based on this theory, and has produced only one case where a *simple* assault conviction was upheld

---

[28] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (emphasis added); *see also Perez-Gonzalez v. Holder*, 667 F.3d 622, 627 (5th Cir. 2012).

[29] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[30] *Rede-Mendez*, 680 F.3d at 563 (Griffin, J., dissenting) (internal quotation marks omitted).

on the basis of subsection (C).[31] Even in that case, the defendant did not just use "coarse, insulting, gutter terms," but also "threatened [the victim] and her children with bodily harm."[32] Additionally, one New Mexico court has said, "[t]he offense of aggravated assault requires proof that defendant threatened or engaged in menacing conduct with a deadly weapon toward a victim, causing the victim to believe he or she was about to be in danger of receiving an immediate battery."[33] Based on the case law, New Mexico courts seem to recognize only two theories of aggravated assault with a deadly weapon—either as an attempted battery with a deadly weapon or by engaging in menacing conduct with a deadly weapon which causes the victim to reasonably believe that he will be a victim of battery.[34] In other words, New Mexico courts seem to limit aggravated assault convictions to theories of assault based on either subsection (A) or (B) of § 30-3-1. We will refer to these two forms of aggravated assault with a deadly weapon as "attempted battery" and "apprehension-causing" assault.

This reading of New Mexico law is consistent with New Mexico's uniform jury instructions. Neither the jury instructions in effect at the time of conviction nor the current uniform jury instructions provide instructions for the charge of aggravated assault based on using insulting language. The 1985

---

[31] *State v. Parrillo*, 607 P.2d 636, 637-38 (N.M. Ct. App. 1979).

[32] *Id.* at 637.

[33] *State v. Bachicha*, 808 P.2d 51, 54 (N.M. Ct. App. 1991).

[34] *See State v. Mascarenas*, 526 P.2d 1285, 1287 (N.M. Ct. App. 1974) (defining assault in the context of assault with a deadly weapon "in terms of either an attempt to commit a battery or any unlawful act, threat or menacing conduct causing a reasonable belief of receiving an immediate battery"); *State v. Woods*, 483 P.2d 504, 505 (N.M. Ct. App. 1971) (defining aggravated assault with a deadly weapon as requiring "an attempt to commit a battery upon the person of another"); *see also United States v. Miera*, No. CR 12-3111, 2013 WL 6504297, at *20-21 (D.N.M. Nov. 22, 2013) (holding that "New Mexico does not recognize the insulting-language theory for aggravated assault").

uniform jury instructions list instructions for two types of aggravated assault. New Mexico's Criminal Uniform Jury Instruction (UJI Crim.) 3.03 provided instructions for "Aggravated assault; attempted battery with a deadly weapon," and UJI Crim. 3.04 provided instructions for "Aggravated assault; threat or menacing conduct with a deadly weapon."[35]  There was no instruction for an aggravated assault conviction based upon "the use of insulting language toward another impugning his honor, delicacy or reputation."  In fact, even the second form of aggravated assault—threat or menacing conduct—envisions actual physical force, "the touching or application of force," in its commentary.[36]  The current version of the New Mexico uniform jury instructions similarly lack any instructions for aggravated assault with a deadly weapon based on an underlying use of insulting language.[37]

While we cannot consider these generic jury instructions in determining the precise offense of which Carrasco-Tercero was convicted, that New Mexico did not have approved jury instructions for an aggravated assault crime predicated on "insulting language," combined with the fact that Carrasco-Tercero has presented no instance where a defendant has been charged with such an offense or where a New Mexico court has mentioned it as a possibility, leads this court to conclude that New Mexico does not in fact recognize this theory of aggravated assault.

Carrasco-Tercero's sole contention on appeal concerns his "insulting language" arguments.  He does not contend that a conviction for "attempted

---

[35] NEW MEXICO CRIMINAL UNIFORM JURY INSTRUCTIONS (N.M. UJI CRIM.) 3.03 (Supp. 1982); N.M. UJI Crim. 3.04 (Supp. 1982).

[36] N.M. UJI CRIM. 3.04 n.2 (Supp. 1982).

[37] *See* N.M. UJI CRIM. 14-304 (2013) ("Aggravated Assault; Attempted Battery with a Deadly Weapon"); N.M. UJI CRIM. 14-305 (2013) ("Aggravated Assault; Threat or Menacing Conduct with a Deadly Weapon"); *see also United States v. Licon-Nunez*, 230 F. App'x 448, 451-52 (5th Cir. 2007) (discussing the current New Mexico uniform jury instructions).

battery" or "apprehension-causing" assault under the New Mexico statute at issue lacks the necessary elements to constitute a crime of violence. He states in his brief that striking another with a deadly weapon "likely encompasses the use of force," and that using a deadly weapon while attempting to commit battery may also constitute a crime that employs the threatened use of physical force. We accordingly do not consider whether these means of committing aggravated assault under § 30-3-2 would constitute a crime of violence.

* * *

Because Carrasco-Tercero has failed to establish that the district court erred in applying a 12-level sentencing enhancement under U.S.S.G. § 2L1.2, the district court's judgment is AFFIRMED.

11