# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MONJARAZ SALAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-697-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Miguel Monjaraz Salas appeals his guilty plea conviction and sentence for being an alien who unlawfully attempted to enter the United States after deportation following a conviction for an aggravated felony. He argues that the district court plainly erred in determining that his Texas conviction for delivery of cocaine by actual transfer was a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(B). He argues that the Texas statute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40235

criminalizes the "administering" and "dispensing" of drugs, which is not covered by the Guidelines or 21 U.S.C. § 841(a). Because he did not present this argument to the district court, our review is for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To establish plain error, Monjaraz Salas must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and the clear or obvious error must have affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Escalante-Reyes*, 689 F.3d 415, 419-423 (5th Cir. 2012) (en banc). If he establishes that there was clear or obvious error that affected his substantial rights, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

Monjaraz Salas has identified no prior Texas case applying the statute in an "administering" or "dispensing" situation. *See United States v. Teran-Salas*, 767 F.3d 453, 460-61 (5th Cir. 2014). A theoretical possibility that the statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient. *United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014). Therefore, the district court did not commit plain error in determining that Monjaraz Salas's conviction was a drug trafficking offense for purposes of the § 2L1.2(b)(1)(B) enhancement. *See Teran-Salas*, 767 F.3d at 461-62 & n.5. For the same reasons, the district court did not commit plain error in determining that Monjaraz Salas's Texas conviction was also an aggravated felony under 8 U.S.C. § 1326(b). *See id.* at 457 n.1, 461-62 & n.5.

AFFIRMED.