# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40233
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GIRON-GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-786-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Giron-Guerrero (Giron) pleaded guilty to being found unlawfully present in the United States following a prior deportation that was subsequent to a conviction for an aggravated felony, and he was sentenced to 36 months of imprisonment. Giron appeals the district court's determination that his prior Texas conviction for possession with intent to deliver a controlled substance qualified as a drug trafficking offense warranting a 16-level enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40233

pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). He argues that the Texas statute criminalizes the "administering" of drugs, which is not covered by the Guideline. Because Giron preserved this argument in the district court, our review is de novo. *See United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

Giron has failed to show that there is a realistic possibility that a person either would be prosecuted for "administering" methamphetamine as that term is defined under the Texas statute or could "administer" methamphetamine in a manner that did not also constitute "dispensing" or "distributing" under the Guidelines. *See United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014). Moreover, he has identified no prior Texas case applying the statute in an "administering" situation. *See id.* at 460-61. A theoretical possibility that a statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014).

Thus, the district court was correct in determining that Giron's conviction was a drug trafficking offense for purposes of the § 2L1.2(b)(1)(A)(i) enhancement. *See Teran-Salas*, 767 F.3d at 461-62 & n.5. Accordingly, the judgment of the district court is AFFIRMED.