# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARIO VEGA-RENOVA, also known as Arturo Vega Renova,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1450

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mario Vega-Renova (Vega) pleaded guilty to illegal reentry of a deported alien, and he was sentenced to 41 months of imprisonment. Vega appeals the district court's determination that his prior Illinois conviction for possession with intent to deliver cocaine qualified as a drug trafficking offense warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). He argues that the Illinois statute criminalizes the "administering" and "dispensing" of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50015

drugs, which is not covered by the Guidelines or 21 U.S.C. § 841(a).  Because Vega preserved his argument in the district court, our review is de novo.[1]

Vega has identified no prior Illinois case applying the statute in an "administering" or "dispensing" situation.[2]  A theoretical possibility that a statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient.[3]  Thus, the district court was correct in determining that Vega's conviction was a drug trafficking offense for purposes of the § 2L1.2(b)(1)(A)(i) enhancement.[4]

In addition, even if Vega could establish error, any such error would be harmless because the district court stated that it would impose the same sentence regardless of any misapplication of the enhancement.[5]  Vega's argument that the district court erred in imposing an alternative, above-guidelines sentence is without merit.[6]

The judgment of the district court is AFFIRMED.

---

[1] *United States v. Teran-Salas*, 767 F.3d 453, 457 (5th Cir. 2014); *see United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

[2] *See Teran-Salas*, 767 F.3d at 460-61.

[3] *United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014).

[4] *See Teran-Salas*, 767 F.3d at 461-62 & n.5.

[5] *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009); *see also United States v. Richardson*, 713 F.3d 232, 237 (5th Cir.), *cert. denied*, 134 S. Ct. 230 (2013).

[6] *See United States v. Bonilla,* 524 F.3d 647, 656-59 (5th Cir. 2008).