# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAHIN GARCIA-MONROY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1822-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Dahin Garcia-Monroy pleaded guilty to illegal presence in the United States after removal and was sentenced to 57 months of imprisonment. He appeals the district court's determination that his prior Texas conviction for possession with intent to deliver a controlled substance qualified as a drug trafficking offense warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) and as an aggravated felony under 8 U.S.C. § 1101(a)(43).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40405

Garcia-Monroy argues that the Texas statute criminalizes the "administering" of drugs, which is not covered by either sentencing provision. Because Garcia-Monroy preserved these arguments in the district court, our review is de novo. *See United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir. 2013) (en banc).

Garcia-Monroy has failed to show that it is a realistic possibility that a person would be prosecuted for "administering" cocaine as that term is defined under the Texas statute. *See United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014). He specifically has set forth no prior Texas case applying the statute in an "administering" situation. *See id*. at 460-61. A theoretical possibility that a statute might include types of conduct that would not qualify as a drug trafficking offense is insufficient. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014).

Thus, the district court was correct in determining that Garcia-Monroy's conviction was a drug trafficking offense and an aggravated felony. *See Teran-Salas,* 767 F.3d at 461-62 & n.5. Accordingly, the judgment of the district court is AFFIRMED.