# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20407
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO OMAR GASPAR, also known as Gilberto Gaspar-Gutierrez, also known as Omar Gaspar-Gilberto, also known as Gilberto Omar Gaspar-Guetierrez, also known as Gilberto Omar Gaspar Gutierrez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-473-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gilberto Omar Gaspar appeals the 45-month sentence imposed following his conviction for illegal reentry after deportation. He challenges the 16-level enhancement imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) for having been deported after being convicted of a drug trafficking offense. Gaspar argues that his Texas conviction for delivery of cocaine did not qualify as a drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking offense because Texas's definition of delivery is broader than the definition of a drug trafficking offense under § 2L1.2.  He asserts that the Texas offense of delivery may be committed by "administering" a controlled substance.  He further contends that, for the same reasons, the Texas offense does not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2).

Because Gaspar failed to object to the enhancement in the district court, we review for plain error.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).  To establish plain error, he must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and the clear or obvious error must have affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett*, 556 U.S. at 135.

Gaspar has failed to show that it is a realistic possibility that a person either would be prosecuted for "administering" cocaine as that term is defined under the Texas statute or could "administer" cocaine in a manner that did not also constitute "dispensing" or "distributing" under the Guidelines.  *See United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014), *cert. filed*, No. 14-7593 (Dec. 15, 2014).  Moreover, he has identified no prior Texas case applying the statute in an "administering" situation.  *See id.* at 460-61.  A theoretical possibility that a statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient.  *See United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014).

Gaspar fails to show that the district court plainly erred.  *See Teran-Salas*, 767 F.3d at 461-62 & n.5.  Accordingly, the judgment of the district court is AFFIRMED.