# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

No. 13-20758
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOCADIO MAGALLON PEREZ, also known as Locadio Magallon, also known as Locadio Perez Magallon, also known as Leocadio Magallon-Perez, also known as Locadio Magailon,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-228-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Leocadio Magallon Perez pleaded guilty to being found illegally in the United States after previous deportation and was sentenced to 40 months of imprisonment. Perez appeals his sentence, contending that the district court erred in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) on account of his prior conviction for delivery by actual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transfer of more than 200 grams and less than 400 grams of cocaine. Perez argues that the statute under which he was convicted, Texas Health & Safety Code § 48.112, is a divisible statute that encompasses offenses that do not fall within the applicable definition of a "drug trafficking offense." *See* § 2L1.2, comment. (n.1(B)(iv)). He asserts that his prior conviction does not warrant the enhancement because the Texas statute can be violated by administering a controlled substance.

Because Perez did not raise such an argument in the district court, review is for plain error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418-19 (5th Cir. 2012) (en banc). To establish plain error, he must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and the clear or obvious error must have affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

Perez has failed to show that there is a realistic possibility that a person either would be prosecuted for "administering" cocaine as that term is defined under the Texas statute or could "administer" cocaine in a manner that did not also constitute "dispensing" or "distributing" under the Guidelines. *See United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014). Moreover, he has identified no prior Texas case applying the statute in an "administering" situation. *See id.* at 460-61. A theoretical possibility that a statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014).

No. 13-20758

In view of the foregoing, the district court did not plainly err in determining that Perez had a prior conviction that constitutes a drug trafficking offense for purposes of the § 2L1.2(b)(1)(A)(i) enhancement. *See Teran-Salas*, 767 F.3d at 461-62 & n.5. Accordingly, the judgment of the district court is AFFIRMED.