## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20760

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELVA ROSA CARRIZALES-MARTINEZ, also known as Elva Rosa Benivamonde, also known as Elva Rosa Carrizales De Benivamonde, also known as Elva Rosa Carrizales,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-314-1

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Following being convicted of being present illegally in the United States after removal, in violation of 8 U.S.C. § 1326(a), (b), Elva Rosa Carrizales-Martinez was sentenced to 76 months of imprisonment. The district court enhanced Carrizales' offense level by 16, pursuant to advisory Sentencing Guidelines § 2L1.2(b)(1)(A)(i), on the basis that Carrizales had a previous

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

conviction of a felony-drug-trafficking offense.  The enhancement was based on Carrizales' two 1993 convictions of delivery of a controlled substance (cocaine), in violation of Tex. Health & Safety Code Ann. § 481.112(a).

Carrizales presents two issues regarding the enhancement.  As she concedes, plain error review applies to her contentions because she did not object in district court to the application of the enhancement.  *E.g., United States v. Escalante-Reyes*, 689 F.3d 415, 418–19 (5th Cir. 2012) (en banc).  To establish reversible plain error, she must show a forfeited error that was clear or obvious, and affected her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, this court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Carrizales asserts that, because she committed her state crimes before an amendment to the Guideline went into effect in 2008, application of its amended version violates her rights under the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3.  For ex-post-facto purposes, the relevant offense is Carrizales' illegal reentry, not her prior Texas convictions.  *See, e.g., Gryger v. Burke*, 334 U.S. 728, 732 (1948).  The Presentence Investigation Report states that Carrizales illegally reentered the United States on an unknown date in 1999.  Because a violation of 8 U.S.C. § 1326 is a continuing offense, she violated the statute by remaining in the United States illegally until she was found in 2013.  *United States v. Santana–Castellano*, 74 F.3d 593, 597 (5th Cir. 1996).  In view of the foregoing, there was no clear or obvious error in applying the amended version of the Guideline.

For her other issue, Carrizales claims § 481.112(a) is a divisible statute which encompasses offenses that do not fall within the applicable definition of a drug-trafficking offense.  In that regard, she maintains, based on the state-

court documents of record, it is not possible to determine which part of the Texas statute she was convicted of violating. She asserts that her prior convictions do not warrant the enhancement because the Texas statute can be violated by administering a controlled substance.

Because § 481.112(a) is a divisible statute, the modified categorical approach is applied. *United States v. Teran-Salas*, 767 F.3d 453, 459 (5th Cir. 2014). The state-court documents pertaining to Carrizales' prior convictions include the indictments and judgments of convictions, which may be considered under the modified categorical approach, *E.g., United States v. Garcia–Arellano*, 522 F.3d 477, 480–81 (5th Cir. 2008). These documents allow ascertaining that Carrizales was convicted of delivery of a controlled substance.

In *Teran-Salas*, 767 F.3d at 460–62, our court determined that a conviction under § 481.112(a) of possession with intent to deliver a controlled substance was a drug-trafficking offense for purposes of the Guideline § 2L1.2(b)(1)(A)(i) enhancement; that reasoning is dispositive here. Like appellant in *Teran-Salas*, Carrizales has failed to show it is a realistic possibility that a person either would be prosecuted for "administering" cocaine as that term is defined under the Texas statute or could "administer" cocaine in a manner that did not also constitute "dispensing" or "distributing" under the Guidelines. *Teran-Salas*, 522 F.3d at 460–62. Moreover, she has identified no prior Texas case applying the statute in an "administering" situation. *E.g., id.* at 460–61. A theoretical possibility that a statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient. *E.g., United States v. Carrasco-Tercero*, 745 F.3d 192, 197–98 (5th Cir. 2014). Accordingly, the district court did not commit clear or obvious error in

No. 13-20760

determining that Carrizales had a prior conviction that constitutes a drug-trafficking offense for purposes of the enhancement.

AFFIRMED.