# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DANIEL PEREZ MUNOZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:14-CR-997-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel Munoz appeals the sentence for his conviction of being unlawfully in the United States following deportation after a felony conviction. He claims that the district court erred by imposing the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on its determination that his 2006 conviction of aggravated assault with a deadly weapon under N.M. STAT. ANN.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51094

§§ 30-3-2(A) and 30-3-1(B) (West 1978) does not constitute a "crime of violence" ("COV") because it is neither an enumerated offense nor has as an element the use, attempted use, or threatened use of force.

This court reviews *de novo* the district court's characterization of an offense as a COV. *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005). Munoz's conviction qualifies as a COV because apprehension-causing aggravated assault creates a sufficient threat of physical force to constitute a COV. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 195–99 (5th Cir. 2014); *United States v. Silva*, 608 F.3d 663, 670–73 (10th Cir. 2010); *United States v. Licon-Nunez*, 230 F. App'x 448, 451–52 (5th Cir. 2007). Therefore, the district court did not err in applying the enhancement.

AFFIRMED.